Evan D. Schwab (NV Bar No. 10984)
Email: evan@schwablawnv.com
**SCHWAB LAW FIRM PLLC**
7455 Arroyo Crossing Parkway, Suite 220
Las Vegas, Nevada 89113
T: 702-761-6438
F: 702-921-6443

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAYMOND PELOSI, an individual; UNITED STORAGE TECHNOLOGIES INC., a Nevada Corporation<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC., a Delaware Corporation; AMAZON.COM LLC, a Delaware Limited Liability Company; AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; JOHN DOES 1 – 10; ROE CORPORATIONS 1 – 10.<br><br>Defendant. | Case No.<br><br>**Complaint**<br><br>**Jury Trial Demanded**<br><br>(1) Patent Infringement – Direct and Indirect<br>(2) Injunctive Relief<br>(3) Civil Conspiracy |

Plaintiffs Raymond Pelosi ("Pelosi") and United Storage Technologies Inc. ("US Tech") (collectively "Plaintiff"), by and through his attorneys of record Evan D. Schwab, Esq. of Schwab Law Firm PLLC ("SLF"), alleges and pleads for their Complaint against Defendants as follows:

**Parties**

1. Plaintiff Raymond Pelosi ("Pelosi") is and was at all relevant times mentioned an individual residing in the State of Nevada and County of Clark.

2. Plaintiff United Storage Technologies Inc. ("US Tech") is and was at all relevant times mentioned herein a Nevada corporation with headquarters/principal place of business in the State of Nevada, County of Clark that conducts business throughout the United States.

3. Defendant AMAZON.COM INC. is and was at all relevant times mentioned herein a Delaware Corporation formed in 1996 with its principal place of business in the State of Washington.

4. Defendant AMAZON.COM LLC is and was at all relevant times mentioned herein a Delaware Corporation formed in 1999 with its principal place of business in the State of Washington.

5. Defendant AMAZON SERVICES LLC is and was at all relevant times mentioned herein a Delaware Limited Liability Company formed in 2002 with its principal place of business in the State of Washington.

6. A reference to Defendant AMAZON.COM INC., AMAZON.COM LLC, and AMAZON.COM SERVICES can be construed as a reference to one or both Defendants and these Defendants can collectively be referred to as Amazon Defendants.

7. Amazon Defendants are business entities engaged in the interstate sale of good, services, media and electronics ("Goods and Services") throughout the continental United States. Amazon Defendants provide a forum for selling Goods and Services with Amazon Defendants receiving compensation for the same from said sellers.

8. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants, Does 1 through 10, and Roe Corporations I through 10, are unknown to Plaintiff, who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the said Defendants designed herein as Doe and Roe Corporation are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of Does I through Does X and Roe Corporations I through Roe Corporations X, when the same have been ascertained and to join such Defendant in this action.

9. Whenever reference is made to any act of Defendants in this Complaint, such allegations shall be deemed to mean all named Defendants, or their officers, agents, managers, representatives, employees, heirs, assignees, customers and tenants, did or authorize such actions while actively engaged in the operation, management, direction or control of the affairs of Defendants and while acting within the course and scope of their duties.

### Jurisdiction and Venue

10. Jurisdiction is proper in the federal court for (including but not limited to) the following reasons.  18 U.S.C. § 1332 provides for federal jurisdiction based upon diversity of citizenship where the amount in controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiff and Defendants (collectively "Parties") are citizens of different states.  Plaintiffs Pelosi and US Tech are deemed to be citizen of the State of Nevada as Plaintiff Pelosi resides in the Clark County, Nevada and Plaintiff US Tech is incorporated and has a principal place of business/corporate headquarters in Clark County, Nevada. Amazon Defendants are incorporated in Delaware and have their principal place of business in the State of Washington.

11. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 for (including but not limited to) the following reasons.  Clark County is the largest county in the State of Nevada, accounting for around ¾ of the population of the State of Nevada.[1]  Amazon Defendants extensively service the State of Nevada and its over two-million residents, having distribution centers and warehouses in Clark County, Nevada. "[T]he substantial part of the events or omissions giving rise to the claim occurred…" would be in Clark County, Nevada.[2]  As set forth below, Amazon Defendants carry and sell Plaintiffs' U.S. Patent No. D846,892

---

[1] https://en.wikipedia.org/wiki/Clark_County,_Nevada

[2] 28 U.S.C. § 1391(b)(2).

- 3 -

"Six tier skirt hanger." Likewise, Amazon Defendants carry and sell the infringing products outlined below and distribute them in Clark County, Nevada. Clark County, Nevada is where the United States District Court for the District of Nevada is comprised of one district and has a courthouse located in Las Vegas (Clark County), Nevada. As such, venue is proper in the United States District Court, District of Nevada and proceedings may take place in Clark County, Nevada at the Courthouse located at 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101.

## Demand for Jury Trial

12. Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## Factual Allegations

13. Plaintiff Pelosi hold U.S. Patent No. D846,892 for a "Six tier skirt hanger."[3] A printout of the above Patent is attached as Exhibit 1 to the Complaint.

14. Plaintiff US Tech is owned by Plaintiff Pelosi and distributes the patented 6-Tier Skirt/Pant Organizer ("Patented Item") through Amazon Defendants throughout the United States, having done so for in excess of a year.

15. Amazon Defendants claim to be a neutral forum for the sale of Goods and Services. Amazon maintains a number of phone numbers, online reporting systems and the like that constitute a tangled bureaucracy of redirecting phone and email/electronic systems ("Window Dressing") that prevent contact with a human sales agent or decision maker. In example, the Window Dressing requires that sellers such as Plaintiffs that find their patents or Patented Items being infringed upon submit an Amazon Report Infringement Form to Amazon Defendants for each individual infringement. Instead of a human response, Amazon sends back a metrics/auto-filled email that gives a number of canned/pre-programmed

---

[3] USPTO Patent records, attached as Exhibit 1.

- 4 -

responses such as Amazon Defendants are unable to locate the patent. Amazon Defendants request that the offended Sellers submit another form. Offended sellers such as Plaintiffs then respond and attached a copy of the actual patent and Amazon Defendants refuse to remove certain Sellers that infringing on the Patent. Amazon Defendants continue to respond with non-responses or dilatory tactics such as emails further indicating they cannot find record of the Patent. Any communications with the Legal Department for Amazon Defendants are funneled to email and receive no response of substance other than the issue is under investigation. Where Amazon Defendants do remove sellers who are infringing on the Patent, Amazon Defendants only remove low ranked and/or low revenue sellers that have minimal to no effect on the financial bottom line of Amazon Defendants. Amazon Defendants individually and systematically protect higher ranked and large revenue sellers and refuse to remove their listings. In addition to refusing to remove the listings of sellers who violate Plaintiffs' Patents and the Patents of others, Amazon Defendants refuse to provide the contact information for the offending Sellers to those whose Patents have been infringed upon. Amazon Defendants is far from a neutral, mere "forum" and is now and has been actively engaged in the business of calling winners and losers, balls and strikes and favoring some sellers over others.

16. On or about October 9, 2020, Plaintiffs submitted a demand letter to Amazon Defendants requesting (including but not limited to) the removal of infringing items. Amazon Defendants have (to date) provided no response.

17. As set forth above and below, Amazon Defendants have permitted (despite notification and objection of Plaintiffs) a number of sellers to infringe upon Plaintiffs' patent with impunity and Amazon Defendants have refused to provide contact information for the offending sellers so that Plaintiffs can take direct action against the offending sellers. In example, the following sellers and items

have been allowed to remain up on Amazon despite requests for removal and Amazon has refused to disclose the contact information for the offending sellers:

| Item Number | Seller | Item Description |
|---|---|---|
| BO7WNW592Y | Hasitpro | 6-Tier Pants Shorts Hanger with Adjustable Clips Space Saving No Slip Hangers Skirt Organizer 3 Pack |
| BO7Q98Q1GS | HOUSE DAY | 6 Tiers Shorts hangers Skirt Hangers wi Clips Space Saving Pants Hangers, 2 Pack Multi Slack Skirt Hanger with Clips Metal Pants Hanger for Slack, Trouser, Jeans, Towels, Silver |
| BO89R4Z4PW | Niclogi | 6 Tiers Skirt Hangers with Clips, 3 Pa Space Saving Pants Hangers, Multi Slack Trousers Closet Organizer for Slack Trouser, Jeans Towels |

18. A number of the offending sellers are the same sellers (multiple listings) with slight variants of name and/or fictitious names that come from China and the like. Amazon Defendants purportedly maintain a policy against multiple listings, but do not practice what they preach.

19. The conduct of Amazon Defendants in protecting their infringing sellers, withholding information and other dilatory and problematic conduct make Amazon Defendants just as liable for the infringement on the Patent of Plaintiff as the offending sellers.

[Remainder of Space Intentionally Left Blank]

## First Cause of Action

## (Patent Infringement – Direct and Indirect)

20. Plaintiffs repeats and re-allege each and every of the allegations set forth in paragraphs 1 through 19 of the Complaint as if fully set forth herein and further allege the following.

21. Plaintiffs are patent holders and owners of patent rights for the Patented Item.[4]

22. Plaintiffs widely distribute the Patented Item across the United States through Amazon Defendants and other websites. The Patented Item is clearly marked US Tech at the point of sale.

23. Plaintiffs have been selling, distributing and otherwise making commercial use of the Patented Item on Amazon for well over a year and on other sites for in excess of ten years throughout the United States.

24. Defendants knew or should have been aware that the Offending Item was an infringement on the Patented Item.

25. Defendants engaged in literal infringement of the Patented Item by (including but not limited to) producing and distributing a product that matches each claim limitation in the Offending Product. In example, both the Patented Item and the Offending Item include six tiers, are meant for the hanging of skirts, contain two metal clips with a plastic tip on each tier and are virtually if not wholly identical.

26. To the extent the Court determines there is not literal infringement, there is most certainly infringement under the doctrine of equivalents. Specifically, to the extent one or more asserted patent claim limitations are deemed not to be literally present, the difference from the literal claim requirement and actual items are insubstantial. In example, the Offending Item "performs substantially the same

---

[4] Exhibit 1.

function in substantially the same way to obtain the same result."[7]  There is little difference of significant between the Patented Item and the Offending Item.

27. Defendants have infringed upon Plaintiffs' Patent in an open, aggressive, reckless and indiscriminate manner.

28. The above discussed infringement was without permission, consent or approval of Plaintiffs.

29. Plaintiffs are entitled to compensatory damages in the form of: (a) minimum damages based on a "reasonable royalty"; and (b) lost profits.

30. Plaintiffs are entitled to enhanced damages up to three times the compensatory damages as this is an extraordinary case.

31. Plaintiffs are entitled to damages in the form of attorney's fees and costs. Specifically, Defendant has engaged in inequitable conduct and willful infringement.

32. Plaintiffs' damages were proximately and legally caused by the conduct of Defendant.

33. Plaintiffs have been required to retain the services of an attorney to prosecute this action.

## Second Cause of Action

### (Injunctive Relief)

34. Plaintiffs repeat and re-alleges each and every of the allegations set forth in paragraphs 1 through 33 of the Complaint as if fully set forth herein and further allege the following.

35. Plaintiffs have a reasonable probability of success on the merits of the underlying claims.

36. The remedies available at law (including monetary damages) are inadequate to compensate Plaintiffs for that injury.  In example, Defendant's use of the

---

[7] *Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269 (Fed. Cir. 2011).

Offending Item will likely cause the termination of the Patented Item with Walmart and for Plaintiffs to go out of business.

37. Without injunctive relief, Plaintiffs will suffer an irreparable harm. In example, the continued marketing, distribution and sale of the Offending Item cause severe harm, dilution of the Patent and would result in there being no viable commercial use of Plaintiffs' patent. The only feasible way to protect Plaintiffs is to grant injunctive relief, stopping Defendants from infringement on Plaintiffs' patent. Absent such relief, Plaintiffs will not really be able to make a living or have a viable business. Any award of damages would be illusory at best and sanction Defendants' temporary use of Plaintiffs' trademark and Patented Item for profit at great cost to Plaintiffs from which Plaintiffs may truly never recover.

38. The interest of the public and Plaintiffs are substantial in seeing the harm stopped. Likewise, Plaintiffs would suffer immense hardships if the Court refused to take action in the form of injunctive relief.

39. The purpose of seeking the temporary restraining order, restraining order, injunction and permanent injunction is to preserve the status quo and/or to preserve a business or property.

40. Plaintiffs will satisfy an appropriate bond as required by FRCP 65 or any applicable case law.

41. As a result of Defendants' conduct, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000).

42. Any damages sustained by Plaintiffs were proximately and legally caused by the conduct of Defendant.

43. Plaintiffs have been required to retain the services of an attorney to prosecute this action and is entitled to a reasonable award of attorney's fees and costs.

[Remainder of Space Intentionally Left Blank]

## Third Cause of Action

### (Civil Conspiracy)

44. Plaintiffs repeat and re-allege of the allegations set forth in paragraphs 1 through 43 of the Complaint as if fully set forth herein and further allege the following.

45. Amazon Defendants and the Defendants/Sellers that Amazon Defendants refuse to disclose the contact information for conspired with the intent to accomplish an unlawful objective together of (including but not limited to) infringing on the Patent of Plaintiffs.

46. The association acted by a concert of action by agreement, understanding or "meeting of the minds" regarding the objective and means of pursuing it by explicit or tacit agreement. In example, Amazon Defendants (including but not limited to) permitted multiple listings by offending Defendants/sellers, refused to remove infringing items and continued to allow the listing of the offending items.

47. The association intended and intends to accomplish an unlawful objective for the purpose of harming another. In example, Defendants intended and intend to financially enrich themselves at the expense of Plaintiffs and the detriment of Plaintiffs' patent.

48. The commission of unlawful acts were in furtherance of this agreement.

49. Plaintiffs suffered damages in an amount in excess of fifteen thousand dollars ($15,000) as a direct, proximate and legal cause of the conduct of Defendants.

50. Plaintiffs have been required to retain the services of an attorney to prosecute this action and is entitled to a reasonable award of attorney's fees and costs.

### Prayer for Relief

Wherefore, Plaintiffs Raymond Pelosi ("Pelosi") and United Storage Technologies Inc. ("US Tech") (collectively "Plaintiffs") pray for judgment against Defendants and requests the following relief as follows:

1. For an award of general damages in excess of $15,000.
2. For an award of special damages in excess of $15,000.
3. For consequential damages in excess of $15,000.
4. For incidental damages in amount in excess of $15,000.
5. For an award of compensatory damages including but not limited to: (a) reasonable royalty; and (b) lost profits type of damages.
6. For enhanced damages up to three (3) times the compensatory damages.
7. For injunctive relief (permanent and temporary) and a restraining order (permanent and temporary).
8. For specific performance by Defendants.
9. For prejudgment interest.
10. For reasonable attorney's fees and costs of suit incurred.
11. For other such relief as the Court deems just and proper under the circumstances.

Dated this 8th day of December 2020

Schwab Law Firm PLLC

_____
Evan D. Schwab (NV Bar No. 10984)
7455 Arroyo Crossing Parkway, Suite 220
Las Vegas, Nevada 89113
E: evan@schwablawnv.com
T: 702-761-6438
F: 702-921-6443

*Attorneys for Plaintiffs*

**Sworn Declaration of Raymond Pelosi in Support of Complaint**

My name is RAYMOND PELOSI. I make this declaration under penalty of perjury. I have personal knowledge of the matters contained within this declaration and they are true and correct, except those matters not within my personal knowledge, and those matters I believe them to be true and correct.

1. I am a Plaintiff in and the principal with managing/speaking authority for Plaintiff United Storage Technologies Inc. ("US Tech") in Nevada Federal District Court Case No. TBD, captioned as *Pelosi, Raymond et al v. Amazon.com Inc. et al* ("Litigation").

2. I have read the foregoing Complaint and the know the contents thereof. The same are true of my own knowledge. As to those matters stated upon information and belief, I believe them to be true.

Executed under the laws of the State of Nevada this 8th day of December 2020.

*/s/ Raymond Pelosi*

_____
Raymond Pelosi